175 F.3d 226
 Neil JEAN-BAPTISTE, Gustavo Enrique Cepeda-Torres, and
Victor Israel Santana, on behalf of themselves and
all others similarly situated,
Plaintiffs-Appellants,
v.
Janet RENO, Attorney General of the United States of
America, and Immigration and Naturalization
Service, Defendants-Appellees.
 Docket No. 97-6062.
 United States Court of Appeals,
Second Circuit.
 Filed July 6, 1998.
Decided May 17, 1999.
 
 Antonio C. Martinez, New York, New York (Eladio A. Torres, Law Office of Antonio C. Martinez, New York, New York, of counsel), for Plaintiffs-Appellants.
 Quynh Vu, Washington, D.C. (Frank W. Hunger, Assistant Attorney General, Civil Division, Donald E. Keener, Deputy Director, Emily Anne Radford, Senior Litigation Counsel, Michele Y.F. Sarko, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.; Zachary W. Carter, U.S. Attorney, Scott Dunn, Mary Elizabeth Delli-Pizzi, Assistant U.S. Attorneys, Eastern District of New York, Brooklyn, New York, of counsel), for Defendants-Appellees.
 Before: KEARSE, CARDAMONE, Circuit Judges, and LEISURE*, District Judge.
 PER CURIAM.
 
 
 1
 On petition for rehearing, defendants urge us to modify the holding of Jean-Baptiste v. Reno, 144 F.3d 212 (2d Cir.1998), insofar as it recognized the availability of habeas corpus review under 28 U.S.C. § 2241 for criminal aliens barred from direct appellate review by 8 U.S.C. § 1252(a)(2)(C) & (g). Although that holding has since been criticized by another panel of this Court, see Henderson v. INS, 157 F.3d 106, 119 n. 9 (2d Cir.1998), cert. denied sub nom. Navas v. Reno, --- U.S. ----, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999), a number of other circuits recognize the availability of some habeas review under § 1252(g) and similar provisions of the new immigration statutes, see Ramallo v. Reno, 114 F.3d 1210, 1214 (D.C.Cir.1997), cert. denied, --- U.S. ----, 119 S.Ct. 1139, 143 L.Ed.2d 207 (1999); Goncalves v. Reno, 144 F.3d 110, 123-25 (1st Cir.1998), cert. denied, --- U.S. ----, 119 S.Ct. 1140, 143 L.Ed.2d 208 (1999); Sandoval v. Reno, 166 F.3d 225, 238 (3d Cir.1999); Lerma de Garcia v. INS, 141 F.3d 215, 217 (5th Cir.1998) (IIRIRA § 309(c)(4)(G)); Mansour v. INS, 123 F.3d 423, 426 (6th Cir.1997) (AEDPA § 440(a)). Regardless of whether these courts agree as to the precise scope of the habeas review that remains, such scope is a question we expressly left unanswered in Jean-Baptiste, 144 F.3d at 220. Accordingly, the petition for rehearing is denied.
 
 
 
 *
 Hon. Peter K. Leisure, Senior Judge, United States District Court for the Southern District of New York, sitting by designation