**Paul BARNABY, Plaintiff,**

v.

**Janet RENO, Defendant.**

**No. 3:00CV2150 (PCD).**

United States District Court,
D. Connecticut.

Jan. 5, 2001.

Michael G. Moore, Law Offices of Maria De Castro Foden, Hartford, CT, for Paul Barnaby, petitioner.

James K. Filan, Jr., U.S. Attorney's Office, New Haven, CT, for USA, respondent.

### MEMORANDUM OF DECISION RE MOTION TO DISMISS

DORSEY, Senior District Judge.

Plaintiff/petitioner, described as a permanent resident alien, appeals from a Bureau of Immigration (BIA) deportation order based on his conviction for violating Conn.Gen.Stat. § 53a–172, failure to appear. The underlying charge does not qualify as a ground for deportation but as a sentence of 2 years on that charge was possible, the failure to appear is within the definition of an aggravated felony, 8 U.S.C. § 1101(a)(43)(T) conviction of which authorized deportation. 8 U.S.C. § 1227(a)(2)(A)(iii).[1] The order is here challenged on the basis that he did answer to the underlying charge, by a plea of guilty, and that no order was entered for him to appear.

In defendant's response, it is asserted that "the petition should be dismissed or, in the alternative, transferred to the United States Court of Appeals for the Fifth Circuit." Regarded as a motion, which is fully briefed, it is denied.

### DISCUSSION

I Jurisdiction:

 The Congressional prescription for processing immigration matters might be characterized as an everchanging itinerary of a broken field runner as summarized in *Calcano–Martinez v. INS.* 232 F.3d 328 (2d Cir.2000). It is clear however that the

---

1. Although the INS Notice to Appear for a removal hearing referred to § 1101(a)(43)(Q), the BIA cited § 1101(a)(43)(T) as the basis for the final deportation order and respondent's memorandum relies on the latter, not the former.

**324**

courts retain no "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Chapter." 8 U.S.C. § 1252(g); Id. Accordingly, this Court, and Courts of Appeals, cannot consider plaintiff's claims under the cloak of an appeal. Id. Thus if this case were simply at appeal, the Motion to Dismiss would be in order and necessarily granted.

However, the original filing is captioned "Petition for Habeas Corpus and Stay of Deportation." Incongruently, the Petition opens with "Petitioner appeals from a decision of the Board of Immigration Appeals ..." To treat the latter phrase as controlling of the character of the pleading, an inartful incongruency in its context, would vault form over substance. The prayer for relief reiterates the "petition for habeas" which will be treated as controlling.

The next consideration is whether the Motion to Dismiss has merit as against a Petition for Habeas Corpus. The answer is it does not. Though it has been argued that Congress several stirrings of the Immigration and Naturalization Act (INA). 8 U.S.C. § 1101 et seq. was intended to end consideration of immigration matters, particularly deportation orders, within the INS, and short of, and thus without provision for court review, see § 242(g), habeas corpus survives. So found the Second Circuit in Calcano, citing *Jean–Baptiste v. Reno*, 144 F.3d 212, 220 (2d Cir.), reh'g den., 175 F.3d 226 (2d Cir.1999) (a holding under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub.L. No. 104–208, 110 Stat. 3009–546 (1996)). Federal Courts retain jurisdiction "to review statutory and constitutional challenges to deportation orders." *Calcano–Martinez v. INS*, supra, citing *Henderson v. INS*, 157 F.3d 106, 122 (2d. Cir.), cert. den. *Reno v. Navas*, 526 U.S. 1004, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999). In Calcano, the Second Circuit found it was without juris-

diction to hear petitions which, as here, challenged deportation orders but the dismissal of the petitions before it was "without prejudice to the same claims being brought pursuant to habeas petitions."

Thus as a petition for habeas corpus, the petition here may not be dismissed based on § 242(g) but based on the same statute neither may it be transferred to the Fifth Circuit.

II Venue:

■ This leaves open the question of transfer on venue grounds. The deportation proceedings were initiated in Connecticut, but pursuant to her statutory authority defendant transferred petitioner to a detention facility in the Western District of Louisiana where all of the in house INS deportation proceedings occurred. As petitioner's grounds relate to the underlying proceedings in the Connecticut courts, the first factor in considering a venue question, where did the material events occur, weighs in favor of retention of the case in this court. The second question is answered similarly, where are the records and witnesses likely to be found. Again the proceedings in the Connecticut court are the target of plaintiff's challenge, not so much factually but seemingly more legally. The convenience of the forum is a tossup. Plaintiff is in Louisiana and trial here, should his attendance be required, would be inconvenient, more so to defendant who would be obliged to transport him to Connecticut. However, witnesses and/or records related to the Connecticut court proceedings are in this District. There is no showing that either forum would be more convenient, particularly if the matter is not seriously disputed factually but rather would seem to be resolvable as a matter of reasonable factual inferences and of law. Thus on balance, applying the principles articulated in *Santos v. Reno*, 3:99CV02572 (D.Conn. 1999), decided by Underhill, J., citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495, 499, 93 S.Ct.

1123, 35 L.Ed.2d 443 (1973) and *Henderson v. INS,* supra, transfer on venue considerations, presumably to the Western District of Louisiana, is not found to be warranted.

### III—Dismissal–Merits

■ Defendant's response further asserts absence of petitioner's entitlement to relief. Though not cited, this is akin to invoking F.R.Civ.P. Rule 12(b)(6). Treating the argument as such, it is noted that the response includes as materials to be considered: 1) the INS Notice to Appear, 2) a Connecticut Superior Court Docket certified as of September 25, 1998, 3) transcript of proceedings in the Superior Court, April 6, 1998, 4) Superior Court Docket apparently as of April 6, 1998, 5) II Order dated May 9, 2000, 6) Notice of Appeal to BIA, 7) BIA Decision and 9) Appearance Bond Form. Although plaintiff has responded, and thus perhaps treated the claim as purely one of law, it is not clear but that the claim must properly be treated as seeking Summary Judgment under Rule 56. Plaintiff seems to question whether his conviction on the charge of failure to appear, which is conceded, properly is regarded to be within § 1101(a)(43)(T), a question possibly involving issues of fact or mixed issues of fact and law. A further fact issue may be whether his non-appearance involved a court order, an element in § 1101(a)(43)(T) but not in Conn.Gen.Stat. 53a–172. Thus it may be necessary to treat the Rule 12(b)(6) aspect of the motion under Rule 56. If such be the case plaintiff is entitled to reasonable notice that resolution of the defendant's claim will involve consideration of such material and to a reasonable opportunity to present any material considered pertinent to disposition under rule 56. That would include any additional grounds intended to be raised such as under § 1227(a)(2)(A)(v).

Accordingly the court will reserve judgment on the Rule 12(b)(6) aspect and will resolve the matter considering what plaintiff deems to be the appropriate disposition, i.e. under Rule 12(b)(6) or under Rule 56, with consideration of any additional material he chooses to submit. The matter will be decided on the basis of the record as of February 2, 2001, allowing plaintiff until January 19, 2001 to supplement the record in accordance herewith and allowing defendant until February 2, 2001 to reply to plaintiff's further supplement to the record.

### IV Vacation of Stay

■ On the basis of 8 U.S.C. § 1252(f)(2), defendant claims that the stay of deportation entered here should be vacated. If that were done, any relief to which plaintiff might be found to be entitled under the guise of habeas corpus would be substantially vitiated if not rendered meaningless. In view of the finding that District Court jurisdiction to entertain habeas petitions was not terminated, *Cancalo–Martinez v. INS,* supra, the same logic would suggest that elimination of an effective habeas remedy was not intended by the Congress either. Thus to preserve a meaningful right to review statutory and constitutional challenges to deportation orders, the stay, as incidental to consideration of the habeas petition, will remain and in that regard the motion to vacate will be denied.

SO ORDERED.